

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANTONIO ROSARIO,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 05 C 2899 |
| **UNITED STATES,** | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

In 1998, Antonio Rosario was convicted of drug charges relating to a gang conspiracy to distribute crack cocaine. Mr. Rosario and 20 other defendants were arrested in July 1997 and charged with various drug crimes. After a jury trial, Mr. Rosario was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846; of using persons under eighteen years of age in the conspiracy, in violation of 21 U.S.C. § 846(a)(1); of using minors in a narcotics operation, in violation of 21 U.S.C. § 861; and of possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Mr. Rosario appealed to the Seventh Circuit, which affirmed his conviction, see *United States v. Hernandez*, 330 F.3d 964 (7th Cir. 2003), and his petition for certiorari to the Supreme Court was denied in 2004. *Hernandez v. United States*, 541 U.S. 1040 (2004).

Mr. Rosario moves to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Mr. Rosario argues that his trial counsel provided him with constitutionally insufficient assistance by failing to advise him of the consequences of a "blind plea." Mr. Rosario also argues that an intervening change of law requires that his sentence be amended, and that his sentence violates the Ninth and Tenth Amendments of the Constitution.

Mr. Rosario first argues that he received ineffective assistance of counsel. To show that he received constitutionally deficient assistance from his counsel, Mr. Rosario must show both that his counsel's performance was deficient, and that those deficiencies prejudiced his defense. *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir. 1994). A strong presumption of effective assistance attaches to counsel's performance. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Mr. Rosario must establish both the deficiencies and their effect on his trial or his claim must fail. *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996). Establishing ineffective assistance of counsel is a difficult task for a § 2255 petitioner, and few petitioners will be successful. *Griffin*, 40 F.3d at 173.

Mr. Rosario was offered a plea agreement from the government, whereby he would cooperate and testify at any co-defendants' trials and the government would recommend a 25-year sentence. Mr. Rosario rejected this plea. Mr. Rosario contends that his counsel was

deficient, however, in failing to explain what a "blind plea" was and that Mr. Rosario could have entered one. Assuming that Mr. Rosario would be able to show that his counsel provided deficient assistance - which is far from obvious - he must also show that he was prejudiced. To do so, Mr. Rosario must show "(1) through objective evidence that (2) there is a reasonable probability that he would have accepted [a blind plea] absent counsel's deficient advice." *Paters v. United States*, 159 F.3d 1043, 1046 (7th Cir. 1998).

Mr. Rosario fails to show prejudice. Far from providing objective evidence, Mr. Rosario provides no evidence at all, not even an affidavit or a simple statement that he would have entered a blind plea. *See Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)(finding no prejudice where defendant never states he would have accepted plea). The closest Mr. Rosario comes is a statement that it "would have been in [his] best interest to enter a blind plea." Further, Mr. Rosario does not explain what constitutes the "reasonable probability" that he would have entered such a plea. Mr. Rosario appears to be under the mistaken impression that if he had entered a blind plea, I would have been prohibited from making the sentencing findings regarding drug amounts that I made after trial. Mr. Rosario cannot, therefore, show that a blind plea would have resulted in a more favorable sentence than he received after

trial. *See, e.g. Key v. United States*, 72 Fed. Appx. 485, 488 (7th Cir. 2003). Mr. Rosario's first argument fails.

Mr. Rosario next argues that an intervening change in the law has rendered his sentence unjust. Mr. Rosario argues that the holding in *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), represents a change allowing him to relitigate the question of whether the cocaine base he was charged with was crack, and thus subject to a different sentence. However, Mr. Rosario was found to have dealt in crack, a finding affirmed by the Seventh Circuit. *Hernandez*, 330 F.3d at 991. *Edwards* does not affect Mr. Rosario's sentence. Mr. Rosario's second argument fails.

Mr. Rosario finally argues that the provision in the Sentencing Guidelines of different sentences for crack and powder cocaine violates the Ninth and Tenth Amendments. Mr. Rosario, specifically, argues that the differential encroaches impermissibly on the reserved powers of the State.[1] The Seventh Circuit has rejected this argument, holding that the sentencing differential violates neither the Ninth nor the Tenth Amendment. *United States v. Spencer*, 160 F.3d 413, 414 (7th Cir. 1998)(Ninth Amendment); *United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997)(Tenth Amendment). Mr. Rosario's final argument fails.

---

[1] Mr. Rosario claims that the differential is 100-to-1; the government correctly points out that the differential actually consists of sentences for crack cocaine that are three to eight times as severe as those for powdered cocaine. *See, e.g., United States v. Spencer*, 160 F.3d 413, 414 (7th Cir. 1998).

As Mr. Rosario has not presented a meritorious claim to support his § 2255 motion, that motion is denied.

**ENTER ORDER:**

_Elaine E. Bucklo_ (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: July 27, 2005